**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Tanali Family Trust | § | |
|     Plaintiff | § | **C.A. No. _____** |
| | § | |
| v. | § | |
| | § | |
| United Parcel Service, Inc. | § | |
| | § | |
|     Defendant | § | |

## NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1331

PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc. ("UPS"), hereby removes the above-captioned action from the County Court at Law Number 3, Cameron County, Texas to the United States District Court for the Southern District of Texas.

### I.      JURISDICTION

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. because Plaintiff's claims arise under federal common law governing the limitation of liability applicable to cargo transported through air carriage.

2.      On or about October 12, 2022, Plaintiff Tanali Family Trust filed an action in the County Court at Law Number 3 in Cameron County, Texas, entitled *Tanali Family Trust v. United Parcel Service, Inc.*, Case No. 2022-CCL-00766 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon UPS in the State Court Action are attached to this Notice collectively as **Exhibit A**.

3.      UPS was served with the Petition in the State Court Action via its registered agent for service of process no earlier than October 17, 2022. This notice is therefore timely under 28 U.S.C. § 1446(b).

4.      UPS filed its Answer in the State Court Action on November 7, 2022. A true and correct copy of UPS's Answer is attached to this Notice collectively as **Exhibit A**.

5.      Also Accompanying this Notice of Removal as collective Exhibit A are the following documents:

i.      *An index of matters being filed;*

ii.     *All executed process in the case;*

iii.    The docket sheet; and

iv.     A list of all counsel of record, including addresses, telephone numbers, and parties represented.

6.      The County Court at Law Number 3 of Cameron County is located within the Southern District of Texas. This notice is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

7.      There are no co-defendants from whom consent is required pursuant to 28 U.S.C. § 1446(b)(2)(A).

8.      The Petition alleges that UPS failed to deliver more than fifty packages that a third party shipped to Plaintiff's address at 281 Resaca Point Drive, Brownsville, Texas 78526. (Petition at 2, V.)  The Petition further alleges that UPS falsely represented the status of the shipments and reasons for non-delivery.  (*Id.*)  Based on these allegations, the Petition purports to assert claims against UPS for violations of the Texas Trade Practices Act, common law fraud, and breach of contract.  (*Id.* at 3, VI.)

9.      As a result, the Complaint seeks $10,000 in damages, along with an award of attorneys' fees, treble damages, pre and post judgment interest, and costs.  (*Id.* at 4.)

## II.    PLAINTIFF'S CLAIMS ARE REMOVABLE TO FEDERAL COURT BASED ON FEDERAL COMMON LAW.

9.      This Court has original, federal question jurisdiction over this action on the basis of federal common law.  Plaintiff's Petition attempts to allege claims for relief against UPS arising from the shipment of packages by air that put UPS's limitation of liability for loss, damage and delay at issue.

10.     Where a contract governing transportation performed by air carriage limits the carrier's liability, a shipper's action seeking to hold the carrier liable for a lost, damaged, or delayed shipment is governed by and arises under federal common law, and is therefore removable on that basis.  The contracts of carriage and validity of limitations of liability of an air carrier (including a motor carrier affiliated with a direct air carrier through common controlling interest) are governed exclusively by federal common law.  *See Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 923-29 (5th Cir. 1997) (federal common law governs an air carrier's liability for lost or damaged goods); *Malik v. Continental Airlines, Inc.*, 369 Fed. Appx. 588, 589 (5th Cir. 2010) (explaining that "[f]ederal common law provides a cause of action for the value of lost luggage against air carriers"); *Cash America Pawn, L.P. v. Federal Exp. Corp.*, 109 F. Supp. 2d 513, 523 (N.D. Tex. 2000) (acknowledging that the Fifth Circuit, and several other circuits, have held that "the liability of federally certified air carriers for loss of or damage to cargo is governed by federal common law"); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184-85 (9th Cir. 2002) (claims involving limited liability provision against air common carrier arise under federal common law); *Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1195-97 (9th Cir. 1999) ("federal common law applies to the carriage contract of an air carrier"); *Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Sys., Inc.*, 235 F.3d 53, 59 (2d Cir. 2000) ("federal common law continues to control the issue of liability of air carriers for lost or damaged shipments even after deregulation"); *Husman Constr. Co. v. Purolator Courier Corp.*, 832 F.2d 459, 462 (8th Cir. 1987) (applying federal common law to claim against air carrier for late delivery); *McCall-Thomas Eng'g Co. v. Fed. Express Corp.*, 81 F.3d 28, 30 n."*" (4th Cir. 1996) ("Claims involving shipments in interstate commerce by air carriers are governed by federal law.").  Thus claims, such as Plaintiff's claims in this action, seeking to hold UPS liable for damages allegedly arising from air shipments necessarily arise under federal common law.

11.     Claims that arise under federal common law are properly removed to federal court pursuant to 28 U.S.C. § 1331.  *Sam L. Majors Jewelers*, 117 F.3d at 923-29 (finding that removal was proper because plaintiff's claim based on allegedly lost shipments by air carrier arose under

federal common law); *Bongo, LLC v. Crane Worldwide Logistics, LLC*, No. CV H-13-1365, 2013 WL 12188596, at *2 (S.D. Tex. Sept. 3, 2013) (finding that removal based on the Carmack Amendment was proper, and that the factual discrepancies plaintiff raised in its motion to remand regarding whether the shipment was transported by air or motor carrier did not cast doubt on the propriety of removal given that "claims for damage or loss to goods transported by air carrier are likewise preempted by federal common law"); *Balart v. Delta Airlines, Inc.*, No. CIV. A. 00-2092, 2001 WL 322065, at *3 (E.D. La. Apr. 2, 2001) (finding that removal was proper because Plaintiff's negligence claim against an air carrier for lost baggage arose under federal common law); *Otterson v. Fed. Express Corp.*, No. CIV. 07-1274-PK, 2009 WL 536280, at *7 (D. Or. Mar. 3, 2009) ("Because [Plaintiff] seeks a remedy for the loss of goods shipped via an [] air carrier, and because the only remedy available for such loss is under the federal common law, [Plaintiff's] claims are best construed as inherently federal, giving rise to federal question jurisdiction pursuant to the artful pleading doctrine."); *Downey v. Fed. Express Corp.*, No. C-92-4956 MHP, 1993 WL 463283, at *5 n. 1 (N.D. Cal. Oct. 29, 1993) (same); *N. Am. Phillips*, 579 F.2d 229, 233-34 (2d Cir. 1978) (claim against air carrier was based on the loss of goods during transportation by common carrier and therefore arose under federal law); *Angela Cummings, Inc. v. Purolator Courier Corp.*, 670 F. Supp. 92, 93-94 (S.D.N.Y. 1987).

12.    According to UPS's records, UPS transported some of the packages at issue in the Petition by air transportation. Because Plaintiff's claims implicate UPS's limitation of liability for shipments that UPS transported by air, they arise under federal common law and are subject to this Court's jurisdiction as such.

### III.    NOTICE TO STATE COURT AND OTHER PARTIES.

13.    Counsel for UPS certifies that it will promptly serve a copy of this Notice on Plaintiff and will promptly file a copy of this Notice with the Clerk of the County Court at Law Number 3 of Cameron County, Texas.

WHEREFORE, the above-described action pending in the County Court at Law Number 3 of Cameron County, Texas is hereby removed to the United States District Court for the Southern District of Texas.

Dated:  November 16, 2022

By:  /s/ David G. Oliveira

DAVID G. OLIVEIRA
Federal ID No. 34165
State Bar No. 15254675
doliveira@rofllp.com
1izg@rofllp.com
ROERIG, OLIVEIRA & FISHER, LLP
10555 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
*Attorneys for Defendant United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading has been sent by mail on this 16th day of November, 2022, to:

**Denis A. Downey**
**Law Office of Denis A. Downey**
**281 Resaca Point Rd.**
**Brownsville, TX 78526**
**algoasi@att.net**
*Attorney for Plaintiff*

Dated:  November 16, 2022

By:  /s/ David G. Oliveira
DAVID G. OLIVEIRA
Federal ID No. 34165
State Bar No. 15254675
doliveira@rofllp.com
1izg@rofllp.com
ROERIG, OLIVEIRA & FISHER, LLP
10555 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625

# Exhibit A



## COPY

Citation for Personal Service

Cause No. 2022-CCL-00766-C

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO THE DEFENDANT:
United Parcel Service, Inc:
By Serving Any United Parcel Service, Inc. Employee
700 Elca Lane
Brownsville TX 78521

GREETINGS:

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court at Law III of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by DENIS A. DOWNEY (Attorney for Plaintiff), whose address is 1185 FM 802 STE 3 Brownsville TX 78526-1538,on October 12, 2022, in this case numbered 2022-CCL-00766 on the docket of said court, and styled,

Tanali Family Trust

v.

United Parcel Service, Inc.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 13th day of October, 2022.

Sylvia Garza-Perez, County Clerk
Cameron County, Texas
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By /s/ Erick Salinas , Deputy
Erick Salinas

SHERIFF'S RETURN

Came to hand on the _13_ day of _OCTOBER_ _2022_, at _10:a_ o'clock and executed (not executed) on the _13_ day of _OCTOBER_ _2022_ at _1:00 am_ o'clock, by delivering to _UNITED PARCEL SERVICE_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompany copy of the _____. Cause of failure to execute this citation is: _____

FEES serving 1 copy
Total . . . . . . . $_____   Sheriff/Constable _____ County, Texas

Fees paid by: _____   By _____, Deputy
MARIO GURABE-L-

By serving. ELDA FUENTES

COPY

FILED
2022-CCL-00766
10/12/2022 7:30 PM
Sylvia Garza-Perez
Cameron County Clerk

CAUSE NO: _____2022-CCL-00766_____

| | | |
|---|---|---|
| TANALI FAMILY TRUST, Assignee | } | IN THE COUNTY COURT |
| | } | |
| V. | } | AT LAW No. _____ |
| | } | |
| UNITED PARCEL SERVICE, INC. | } | CAMERON COUNTY, TEXAS |

Cameron County - County Court at Law III

### PLAINTIFF'S ORIGINAL PETITION
(Level 2 Discovery)

TO THE HONORABLE COURT:

COMES NOW Tanali Family Trust and would show as follows:

I.

UNITED PARCEL SERVICE, INC. ("UPS") conducts business in Cameron County, Texas and may be served by serving any United Parcel Service, Inc. employee at 700 Elca Lane, Brownsville, TX 78521.

II.

All causes of action arise in Cameron County, Texas and venue is proper there under the Texas Deceptive Trade Practices Act.

III.

Plaintiff has previously given written notice in 2021 to Defendant of its DTPA claims.

IV.

This lawsuit involves no federal questions and the amount in controversy is below the federal removal diversity jurisdictional amount.

V.

BACKGROUND FACTS

Amazon purchases in excess of fifty (50) have been successfully shipped and delivered to 281 Resaca Point Dr., Brownsville, Tx, 78526. The gate code has been provided to Defendant as part of the Amazon shipping account. Approximately one in twelve Amazon orders, with the same correct shipping address is not delivered. Defendant UPS in such non-deliveries falsely represents that the shipment is undeliverable and on hold. Sometimes UPS delivers an Amazon package in the morning to the aforesaid address and then in that same day afternoon with another Amazon package addressed to the same address UPS claims the package is undeliverable because of an purported incorrect address. Sometimes the non-delivery is falsely claimed to be because there was no one at the address to "sign". That is deceptive for two reasons: First, the particular package either did not require a signature, or, second, at all relevant times someone was available to sign. As the home at aforesaid address has 7 external security cameras that show no delivery attempt was made in such claimed instances, it is irrefutable that UPS is lying and making false representations. UPS also falsely represents that after non-deliver the receiver has provided additional instructions. As a result of the false representations of UPS deliveries are not made which injures not only Plaintiff but also the seller of the goods to be delivered as frequently UPS returns the package and Amazon and/or the seller is forced to pay shipping costs and refund the cost of the goods.

When calls are made to the national UPS number to complain (which from the accent of people who answer the calls is located not in the USA) or to local UPS there are routinely false representations made by national UPS employees that the local office will immediately contact the the recipient and the UPS driver who deliver the goods immediately. UPS is provided a telephone number for a UPS driver to use to contact receiver. Neither routinely occur.

## VI.

## CAUSES OF ACTION

Plaintiff says that the above elicited facts constitute Texas Deceptive Trade Practices Act violations as well as common law fraud and a breach of third party contractual rights.

## VII.

## CONDITIONS PRECEDENT

Plaintiff says that all conditions precedent have been performed or have occurred.

## VIII.

## AGGRAVATING FACTS

False representations about purported reasons for non-delivery and the associated holding or returning of packages to shippers create significant health risks as some shipments are of perishable food or prescription drugs.

Further, UPS makes on average, 6.4 billion deliveries every year with a shipment value of in excess of 270 billion dollars. While official statistics indicate that UPS *loses* 0.5% of packages, the number of delayed or returned packages and the time such type deliveries involve is not disclosed by UPS, based on empirical data the amount of time involved with lost packages, an online purchaser is deprived of the use of money for at least 20 days. For lost packages that represents a 13 billion dollar loss of use of funds for 20 days. For UPS and the shipper or entities like Amazon or eBAY that have collected shipping costs and purchase price amounts up front, that represents a "kiting" amount exceeding the check kiting which brought down the retail brokerage firm E F Hutton. Additionally, shippers are forced to pay shipping costs again with respect to delayed or wrongfully returned shipments.

PRAYER

Plaintiff prays for damages in the amount of $10,000.00, an award of attorneys fees, an award of penalties and treble damages under the Texas DTPA, pre and post judgment interest, costs, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

S/DENIS A DOWNEY

Law Office of Denis A Downey
281 Resaca Point Rd.
Brownsville, Tx. 78526
956 544 0561;
algoasi@att.net
Bar # 06085500






UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®
UPS Worldwide Expedited®
UPS Ground
UPS Standard
UPS 3 Day Select®

Visit ups.com for details on our delivery practices.

171604 8/18/07

Serving you for more than 110 years
United Parcel Service®

1.0 LBS LTR          1 OF 1

HARLINGEN
956-425-8555
UNITED PARCEL SERVICE
1301 A SAM HOUSTON
HARLINGEN TX 78550

SHIP TO:
SONJA JACKSON
4048287579
UPS CORPORATE LEGAL
55 GLENLAKE PARKWAY NORTHEAST
ATLANTA GA  30328

GA 303 3-13

**UPS NEXT DAY AIR**          **1**

TRACKING #: 1Z R29 V31 01 9996 9393

BILLING: P/P

Reference #1: legal documents

XOL 22.10.12          NV45 42.0A 10/2022*          ™

Visit UPS.con
Apply shippi

QR code to
le a pickup

tc Shipments
tify for the letter rate, UPS Express® en
pondence, urgent documents, and/or el
r less. UPS Express envelopes containin
ghing more than 8 oz. will be billed by v

tional Shipments
PS Express envelope may be used only f
. Certain countries consider electronic m
om/importexport to verify if your shipm
ailty for the letter rate, the UPS Express
xpress envelopes weighing more than 8

UPS Express envelopes are not recommended for shipments of
onic media containing sensitive personal information or breakable items.
t send cash or cash equivalent.



FILED
2022-CCL-00766
11/7/2022 8:54 AM
Sylvia Garza-Perez
Cameron County Clerk

## Cause Number: 2022-CCL-00766

| | | |
|---|---|---|
| TANALI FAMILY TRUST, | } | **IN THE COUNTY COURT** |
| Plaintiff, | } | |
| | } | |
| vs. | } | **AT LAW NO. 3** |
| | } | |
| UNITED PARCEL SERVICE, INC., | } | **CAMERON COUNTY, TEXAS** |
| Defendant. | } | |
| | } | |

## DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO THE PETITION

Defendant United Parcel Service, Inc. ("UPS"), respectfully submits the following Answer to Plaintiff's Petition.

## GENERAL DENIAL

In accordance with Texas Rule of Civil Procedure 92, UPS generally denies each of the material allegations set forth in Plaintiff's Petition and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Petition fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### Federal Preemption

Plaintiff's state law claim based on the Texas Deceptive Trade Practices Act is preempted by federal law, including inter alia the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a) & (c), federal common law, and/or the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1) & 41713(b)(4)(A), and other relevant statutes contained in Title 49 of the United States Code.

-1-

SF-4964064

### THIRD AFFIRMATIVE DEFENSE
### Contractual Limitations of the UPS Tariff

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property, Plaintiff's claim against UPS is barred and/or limited by the contractual limitations found in the UPS Tariff and/or other contractual agreements controlling the shipment at issue.

### FOURTH AFFIRMATIVE DEFENSE
### Limitation of Liability

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property, including the UPS Tariff, Plaintiff's recovery, if any, is limited to a maximum of the released or declared value of the subject shipments, or to $100 in the absence of a released or declared value, and UPS is not liable for any special, incidental, consequential or exemplary damages related to the shipments.

### FIFTH AFFIRMATIVE DEFENSE
### Lack of Causation

Plaintiff's claim against UPS is barred, in whole or in part, because to the extent Plaintiff has suffered the injury or damages alleged, such injury or damages were not caused by the acts or omissions of UPS.

### SIXTH AFFIRMATIVE DEFENSE
### Standing

Plaintiff lacks standing to sue UPS to the extent it is the not the shipper of the packages at issue.

### SEVENTH AFFIRMATIVE DEFENSE
### Claim Requirement

Plaintiff's claim is barred, in whole or in part, to the extent the shipper failed to submit a written claim in accordance with the applicable UPS Shipping Contract.

SF-4964064

## EIGHTH AFFIRMATIVE DEFENSE
### Additional Affirmative Defenses

UPS has not completed its investigation and discovery into the allegations of the Petition.

Therefore, UPS cannot fully anticipate all affirmative defenses that may be applicable to this action

at this time and hereby reserves its rights to add additional affirmative defenses if and to the extent

such affirmative defenses are applicable to this action.

WHEREFORE, PREMISES CONSIDERED, UPS prays that Plaintiff take nothing by reason

of its suit.

Dated:  November 7, 2022

Respectfully submitted,

/s/David G. Oliveira
**DAVID G. OLIVEIRA**
State Bar No. 15254675
doliveira@rofllp.com
lizg@rofllp.com
**ROERIG, OLIVEIRA & FISHER, LLP**
10555 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625

-3-

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading has been sent by mail on this 7th day

of November, 2022, to:

**Denis A. Downey**
**Law Office of Denis A. Downey**
**281 Resaca Point Rd.**
**Brownsville, TX 78526**
**algoasi@att.net**

*Attorney for Plaintiff*

Dated:  November 7, 2022

By:  /s/ David G. Oliveira
David G. Oliveira

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liz Graybill on behalf of David Oliveira
Bar No. 15254675
lizg@rofllp.com
Envelope ID: 69919187
Status as of 11/7/2022 9:13 AM CST

Associated Case Party: Tanali Family Trust

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Denis A.Downey | | algoasi@att.net | 11/7/2022 8:54:34 AM | SENT |

Associated Case Party: Unite Parcel Service, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David G. Oliveira | | doliveira@rofllp.com | 11/7/2022 8:54:34 AM | SENT |
| Liz Alvarado | | lizg@rofllp.com | 11/7/2022 8:54:34 AM | SENT |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Tanali Family Trust | § | |
| Plaintiff | § | C.A. No. _____ |
| | § | |
| v. | § | |
| | § | |
| United Parcel Service, Inc. | § | |
| | § | |
| Defendant | § | |

**<u>INDEX OF MATTERS FILED</u>**

I.    State Court Documents

    A. Plaintiff's Original Petition

    B. Defendant United Parcel Service, Inc.'s Answer to the Petition

    C. Docket Sheet

II.   Federal Court Documents

    A. Notice of Removal

    B. List of Counsel of Record

    C. Index of Matters Filed


## CSC

# Notice of Service of Process

LDD / ALL
Transmittal Number: 25741611
Date Processed: 10/18/2022

| | |
|---|---|
| Primary Contact: | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| Electronic copy provided to: | Sonja Jackson<br>Arlette Willis |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service, Inc. |
| **Title of Action:** | Tanali Family Trust, Assignee vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | Tanali Family Trust, Assignee vs. United Parcel Service, Inc. (13087982) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Cameron County Court at Law, TX |
| **Case/Reference No:** | 2022-CCL-00766 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 10/17/2022 |
| **Answer or Appearance Due:** | by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served |
| **Originally Served On:** | UPS Location |
| **How Served:** | Client Direct |
| Sender Information: | Law Office of Denis A Downey<br>956-544-0561 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**CSC**

## United Parcel Service (A270361) – Client Direct Cover Sheet

Date Served: 10/7/22
*This is the date the document was originally delivered to UPS Legal.*

Total Number of Documents Being Shipped: 80

Jurisdiction Served: GA
*This is the state where the document was originally delivered to UPS Legal.*

Entity Served: Varies
*List the name of the UPS entity listed within the document as being served.*

*Please list your name, phone number and / or email address. CSC will utilize this if we have any questions regarding the documents that have been shipped.*

Name: Sonja D. Jackson

Phone Number: 404-828-7579

Email Address: sdjackson@ups.com; son@ups.com

Ship the package to:

United Parcel Service Client Directs (UPS A270361)
C/O LMS Department
CSC
251 Little Falls Drive
Wilmington DE 19808

251 Little Falls Drive, Wilmington, Delaware 19808    ☐ 1 800 927 9800 ☐ 308 636 5400    ☐ 302 636 5454    cscglobal.com

## Case Information

2022-CCL-00766 | Tanali Family Trust V. United Parcel Service, Inc.

| Case Number | Court | Judicial Officer |
|---|---|---|
| 2022-CCL-00766 | County Court at Law III | Gonzales III, David |
| File Date | Case Type | Case Status |
| 10/12/2022 | All Other Civil Cases | Pending |

## Party

Plaintiff
Tanali Family Trust

Address
281 Resaca Point Rd
Brownsville TX 78526

Active Attorneys ▾
Lead Attorney
DOWNEY, DENIS A.
Retained

Defendant
Unite Parcel Service, Inc.

Address
700 Elca Lane
Brownsville TX 78521

Active Attorneys ▾
Lead Attorney
OLIVEIRA, DAVID G.
Retained

## Events and Hearings

10/12/2022 Original Petition (OCA)

10/12/2022 Efiled Original Petition Document

10/13/2022 Citation Issued(PD)

10/13/2022 Citation ▾

Served
**10/13/20221:00 PM**

Anticipated Server
**Sheriff's Office**

Anticipated Method
**In Person**
Actual Server
**Cameron County Sheriff's Department**

Returned
**10/17/2022 3:41 PM**
Serving Officer
**Gonzalez, Mario**

Serving Method
**In Person**

11/07/2022 Original Answer

## Financial

Tanali Family Trust

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $458.00 |
| | Total Payments and Credits | | | $458.00 |
| 10/13/2022 | Transaction Assessment | | | $458.00 |
| 10/13/2022 | E-File Electronic Payment | Receipt # 2022-0011093 | Tanali Family Trust | ($321.00) |
| 10/13/2022 | State Credit | | | ($137.00) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

Tanali Family Trust                         §
                                            §        **C.A. No. _____**
                                            §
          Plaintiff                         §
                                            §
v.                                          §
                                            §
United Parcel Service, Inc.                 §
                                            §
          Defendant                         §

---

## LIST OF COUNSEL OF RECORD

**COUNSEL FOR PLAINTIFF:**

**Denis A. Downey**
**Law Office of Denis A. Downey**
**281 Resaca Point Rd.**
**Brownsville, Texas 78526**
**(956) 544-0561 (Tel)**
**Email: algoasi@att.net**

**COUNSEL FOR DEFENDANT:**

DAVID G. OLIVEIRA
Texas State Bar No. 15254675
Federal ID No. 34165
**ROERIG, OLIVEIRA & FISHER, LLP**
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com
lizg@rofllp.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Tanali Family Trust | § | |
| Plaintiff | § | C.A. No. _____ |
| | § | |
| v. | § | |
| | § | |
| United Parcel Service, Inc. | § | |
| | § | |
| Defendant | § | |
| | § | |

## LIST OF COUNSEL OF RECORD

**COUNSEL FOR PLAINTIFF:**
**Denis A. Downey**
**Law Office of Denis A. Downey**
**281 Resaca Point Rd.**
**Brownsville, Texas 78526**
**(956) 544-0561 (Tel)**
**Email: algoasi@att.net**

**COUNSEL FOR DEFENDANT:**

DAVID G. OLIVEIRA
Texas State Bar No. 15254675
Federal ID No. 34165
**ROERIG, OLIVEIRA & FISHER, LLP**
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com
lizg@rofllp.com